Cheves, J.
delivered the opinion of the Court.
In this case, which was an action on a promis- ' A sory note, a yerdict was obtained for the plain- , . „ , tiffs at Georgetown, in--lerm, 18 — ; and a motion for a new trial was made by the defendant, which suspended the power of the plaintiffs to recover the demand, from that time to the present term, when the motion was discharged. Notwithstanding the motion for a new trial, the plaintiffs entered up their juagment, sued out their execution, and lodged it to hind property, according to the rule of Court on that subject.
The counsel for the plaintiffs now moves this Court to increase the damages, by allowing interest from the entering up of judgment, to the day when the motion for a new trial was discharged. The principal authorities on which he claims this allowance of interest, are the English statutes allowing damages in cases in error, and the English cases which have been decided under those statutes. These statutes are found in our statute-book, and it is therefore contended are *379 of force in this particular, in this state. All the English cases which the counsel has cited, are ° 9 cases in error, as are all the cases in the Courts of the United States, except the case of The Peopie vs. Gaine. (1 Johnson’s Rep. 343.) In that case the judgment was evidently not entered up. This fact is not expressly stated, but the reporter refers to (1 Johnson’s Cases, 27) the case of Vredenberg vs. Hallet & Bowne, for the same decision of the same point; and the illustration afforded by this case, clearly shows the judgment was not entered up in the case cited, and then it amounts to no more than the practice established by Robinson vs. Bland, (2 Burr, 1085,) which is our own established practice, viz. that interest may be allowed to the time of judgment.
The statutes relative to writs of error, cannot, in their letter, have any reference to our system; for we have no Court of Errors, and this Court exercises few, if any, of the functions of a Court of Errors. The ground on which the interest now demanded, is claimed in this case, is the delay occasioned by a motion for a new trial, which is not at all in the nature of proceedings in erroi*. These statutes, too, have never been adopted on this point, in any manner whatever in our practice, and cannot, therefore, be considered in any point of view of force — I mean on this point.
If the plaintiffs had not entered up their judgment, they might now have claimed interest to the entering up of judgment; but they have made *380 their election, and taken the advantages afford-,, ed by our rule of Court, which authorized them J . t° eider up. judgment, and lodge their execution, bind the defendant’s property; and the nature of our legal proceedings, and our established practice preclude them, in cases which occurred before the late acts of Assembly, from enjoying both.
We are all, therefore, clearly pf opinion the motion ought not to be granted.